IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:10-580-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Anthony Christopher Peeples, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

      This matter is before the court on Defendant's motion filed February 18, 2011, wherein he seeks reconsideration of the sentence imposed by this court on January 6, 2011. For the reasons noted below, Defendant's motion is denied for lack of jurisdiction.

      Rule 35(a) of the Federal Rules of Criminal Procedure permits a court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within fourteen days after the oral announcement of the sentence. See Rules 35(a) and (c), Fed.R.Crim.P. The sentence was orally announced on January 6, 2011, and, accordingly, the deadline for any action by the court on a Rule 35(a) motion is well past. Therefore, the court is without jurisdiction to act upon Defendant's motion in this regard.

      Apart from Rule 35(a), a district court has no jurisdiction to alter a defendant's term of imprisonment except as authorized by 18 U.S.C. § 3582 or 18 U.S.C. § 3742.

      Title 18 United States Code § 3582(c) limits the court's authority to modify a final judgment that includes a sentence of imprisonment to three specific circumstances. *See* 18 U.S.C. § 3582(c) (the court can modify a judgment (1) upon motion of the Director of the Bureau of Prisons ("BOP") for statutorily-specified reasons, (2) upon motion of the government for substantial assistance, or (3) upon motion of the defendant or the BOP, or upon the court's own motion, because of a

subsequent lowering of the applicable sentencing guideline range. None of these circumstances applies to Defendant.

After an appeal, the court can modify a sentence if the sentence is found by the appellate court to have been imposed in violation of law or imposed as a result of an incorrect application of the sentencing guidelines, as provided for in 18 U.S.C. § 3742. Defendant did not appeal his conviction or sentence.

Defendant's motion does not allege that any of these circumstances applies; rather, Defendant seeks to have the court reduce Defendant's sentence based upon his cooperation and The Second Chance Act. However, for the reasons stated above, the court lacks jurisdiction to modify Defendant's sentence.

Defendant's motion is denied for lack of jurisdiction.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 24, 2011